IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OCTAVIA BAZEMORE,              )
                              )
              Plaintiff,       )
                              )
       v.                      )        CIVIL ACTION NO. 2:12cv436-MEF
                              )
DYNAMIC SECURITY,             )
                              )
              Defendant.       )

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Octavia Bazemore, proceeding *pro se*, filed a complaint against her former employer, defendant Dynamic Security, on May 17, 2012, alleging sex/pregnancy discrimination in violation of Title VII. She alleges that defendant terminated her employment without notice while she was on maternity leave. (Doc. # 1). On June 12, 2012, defendant moved to dismiss plaintiff's claims, arguing that the complaint and the attached EEOC charge demonstrate that plaintiff filed her EEOC charge more than 180 days after the alleged discriminatory act. (Doc. # 7). In her response to the motion to dismiss, plaintiff twice referred to the FMLA. (See Doc. # 13). In view of plaintiff's *pro se* status, the court construed her response to include an amendment to the complaint to allege that defendant had violated her rights under the FMLA. (Doc. # 14, p. 2 n. 3). The court further allowed plaintiff the opportunity to file a supplemental response to "explain in detail the circumstances – if any such circumstances existed – that prevented her from filing a charge

with the EEOC within 180 days of the alleged discriminatory act." (Id., p. 1).[1] Plaintiff filed a supplemental response on July 13, 2012. (Doc. # 15). Because it is clear from the supplemental response that plaintiff contends that her personal circumstances provided grounds for her delay in filing the EEOC charge, and in view of plaintiff's *pro se* status, it is

ORDERED that the plaintiff's supplemental response, including its attachment, is hereby construed as a second amendment to her complaint.[2]

It is further ORDERED that: (1) the court will consider defendant's motion to dismiss plaintiff's Title VII claim (Doc. # 7), filed in response to plaintiff's original Title VII complaint, as responsive to the allegations of plaintiff's second amended complaint, except as to plaintiff's FMLA claim; (2) defendant Dynamic Security may respond to plaintiff's complaint, as previously amended to assert a claim under the FMLA, on or before **August 13, 2012**; and (3) to facilitate the court's service of the summons and complaint on defendant Claude Woodall pursuant to 28 U.S.C. § 1915(d), Dynamic Security is DIRECTED to file a notice, **on or before August 3, 2012**, advising the court of Woodall's residential address.

---

[1] The court did so because, in her response to the motion to dismiss, plaintiff made the vague statement that "[during the time I filed with EEOC, my heart was torn due to being homeless" (see Doc. # 13, p. 2) and it appeared that plaintiff was attempting to raise the issue of equitable tolling.

[2] See Quina v. Owens-Corning Fiberglas Corp., 575 F.2d 1115 (5th Cir. 1978)(noting, with approval, district court's action in allowing plaintiff "an opportunity to allege facts which would warrant tolling the 180-day period" in an ADEA case). In this case, the alternative to construing plaintiff's supplemental response as an amendment – *i.e.* granting the motion to dismiss on the basis of the original complaint and then allowing plaintiff leave to amend to allege facts in support of equitable tolling – would only delay resolution of the timeliness issue.

**Dynamic Security's Motion to Dismiss**

In reviewing a Rule 12(b)(6) motion to dismiss, the court is required to construe the pleadings broadly and view the allegations of the complaint in the light most favorable to the plaintiff. Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007)(citations omitted).  While "'a formulaic recitation of the elements of a cause of action will not do,'" and the "'factual allegations must be enough to raise a right to relief above the speculative level," Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "'it strikes a savvy judge that actual proof of those facts is improbable[.]'" Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). Dynamic Security contends that plaintiff's Title VII claim is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as the charge plaintiff filed with the EEOC was untimely.  The court agrees.

<u>Plaintiff's Allegations Demonstrate Untimely Charge</u>

In her original complaint, plaintiff complains of her "wrongful termination w/o notice while I was on maternity leave." (Doc. # 1, ¶ 4).  She alleges:

> I gave birth to my son on Jan. 11, 2011. A few weeks later one of my co-workers called and informed me that my job was no longer available for me. Apparently, this company hired someone else in my position.  Once I was able to start work again, I called for my job (Early March, 2011) and asked when can I start work. I was told there was nothing available for me b/c the[y] didn't think I was coming back. He advised me to call back and see if something comes open, but he stated he would keep me in mind when something is open. He also told me that a new "RSA" building is under construction and they will need security guards for that building.  I've attempted several calls from Early March 2011 through the Summer. I've got the run-around every attempt and eventually gave up.  It dawned on me that I've been out of a job.  My son and I became homeless.

3

(Id., ¶ 9).  In the space provided after the prompt, "The alleged discrimination occurred on or about ... ," plaintiff wrote, "Jan. 2011; 3-23-11[,]" indicating that the latter date is the "Date on EEOC letter."  (Id., ¶ 8).  Plaintiff alleges that she filed charges with the EEOC "on or about October, 2011."  (Id., ¶ 11).  The EEOC charge attached to plaintiff's complaint bears the date "10-25-11" beside plaintiff's signature; however, it also bears a date stamp indicating that the EEOC received it on November 8, 2011.  (Doc. # 1-1, p. 3). In her EEOC charge, plaintiff states, "In March 2011, I inquired about my job status.  Prior to the end of my maternity leave, I learned I had been discharged on March 23, 2011."  (Doc. # 1-1, p. 3).[3]

"It is settled law that in order to obtain judicial consideration of [a Title VII claim], a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred." Pijnenburg v. West Georgia Health System, Inc., 255 F.3d 1304 (11th Cir. 2001)(citing 42 U.S.C. § 2000e-5(e)(1)); see also Ledbetter v. Goodyear Tire and Rubber Co., Inc., 421 F.3d 1169 (11th Cir. 2005)("For claims arising in so-called 'non-deferral' states, such as Alabama, to be timely, the applicable charge must have been filed within 180 days 'after the alleged unlawful employment practice

---

[3] Plaintiff refers to the EEOC documents in the body of her complaint and attaches them to the complaint. The court may consider these documents in resolving the present motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)(in ruling on Rule 12(b)(6) motions to dismiss, courts "ordinarily examine ... documents incorporated into the complaint by reference"); Brown v. One Beacon Ins. Co., 317 Fed. Appx. 915, 917 (11th Cir.), cert. denied 130 S.Ct. 115 (2009)("When determining a motion to dismiss, a court may consider the complaint, its attachments, and documents attached to the defendant's motion to dismiss if the attached documents are central to the plaintiff's claims and referred to by the plaintiff without converting the motion to a motion for summary judgment.")(citation omitted).

occurred.'")(citation omitted), *affirmed*, 550 U.S. 618 (2007), *abrogated on other grounds by legislative action*, Pub. L. No. 111-2 (Jan. 29, 2009)).  The Supreme Court has "held that the timely-filing requirement [of Title VII] erects an absolute bar on recovery for 'discrete discriminatory or retaliatory acts' occurring outside the limitations period." Ledbetter, 421 F.3d at 1178 (discussing and quoting National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).  "A final decision to terminate the employee, rather than actual termination, constitutes the 'alleged unlawful practice' that triggers the filing period.  Thus, the 180-day period is counted from the date the employee receives notice of termination." Cocke v. Merrill Lynch & Co., Inc., 817 F.2d 1559, 1561 (11th Cir. 1987).  Plaintiff's original complaint and its attachments make clear that plaintiff's employer informed her no later than March 23, 2011, that "there was nothing available for [her]" and, further, that plaintiff filed her EEOC charge more than seven months thereafter, "on or about October, 2011."  (Doc. # 1, ¶¶ 8, 9, 11; Doc. # 1-1, p. 3).[4]  Thus, it appears from the face of the complaint and its attachments that plaintiff did not file her charge within 180 days of the alleged discriminatory

---

[4] Plaintiff's EEOC charge indicates "3-23-2011" as both the earliest and latest date on which the discrimination took place, but marks a block to indicate a "continuing action." (Doc. # 1-1, p. 3). However. Plaintiff's termination is not a continuing violation, even though her employer failed to rehire her thereafter despite her repeated inquiries.  See Morgan, 536 U.S. at 114 (only those discrete acts that "took place within the timely filing period are actionable"); Delaware State College v. Ricks, 449 U.S. 250, 261 n. 15 (1980)("Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws."); Sharp v. United Airlines, Inc., 236 F.3d 368, 371-72 (7th Cir. 2001)(rejecting employee's contention that employer's subsequent refusal of her requests to reconsider its earlier decision not to renew a reinstatement offer that was rejected by plaintiff when it was offered due to her high risk pregnancy – resulting in a less-generous offer to the plaintiff – "constituted a continuing course of pregnancy discrimination").

act.

Plaintiff contends that her charge must have been timely since the EEOC accepted it for processing. (See Doc. # 13). However, the fact that the EEOC processed plaintiff's charge does not preclude a finding that it was filed outside the 180-day charge filing period mandated by the statute.[5] Cf. Mohasco Corp. v. Silver, 447 U.S. 807 (1980)(effect of EEOC processing not decided by Court but, in a case in which the EEOC had processed a charge, finding the charge to be untimely); Young v. FedEx Express, 432 Fed. Appx. 915, 917 (11th Cir. 2011)("EEOC findings are not binding with regard to subsequent discrimination suits in federal court.")(citation omitted); Sheaffer v. County of Chatham, 337 F.Supp.2d 709, 723 (M.D.N.C. 2004)(court not bound by EEOC determination that charge was untimely); Allen v. Diebold, Inc., 807 F. Supp. 1308 (N.D. Ohio 1992)(concluding that EEOC's decision to process the case does not bind the court on the issue of timeliness of the charge, stating, "The EEOC has not and cannot waive the *employer's* statutory prerogative to object to the untimely nature of the administrative charges.")(emphasis in original), *affirmed*, 33 F.3d 674

---

[5] This is not a claim by a federal employee, and it does not present the same issue as that considered by the Eleventh Circuit in Ramirez v. Secretary, U.S. Dept. of Transportation, ___ F.3d ___, 2012 WL 2849264 (11th Cir. Jul. 12, 2012)(district court bound by final EEOC decision on timeliness). See Moore v. Devine, 780 F.2d 1559 (11th Cir. 1986)(on rehearing, finding previous decision in error to the extent it "concluded that EEOC orders favorable to federal employees are similarly [to EEOC orders in state and private sector cases] non-binding" and explaining, "We failed to take into account significant differences between the EEOC's role in adjudicating federal employees' Title VII claims and its role in handling such claims by state and private-sector employees."). In Young, *supra* – a private sector case – the Eleventh Circuit cited the Moore panel's original, pre-modification decision for the proposition that EEOC findings on the merits of a discrimination claim are not binding in subsequent discrimination actions in federal court. Young, 432 Fed. Appx. at 917 (acknowledging in its citation the subsequent modification on rehearing).

(6th Cir. 1994)(declining to reach issue of timeliness because plaintiffs were not entitled to prevail on the merits).  Thus, defendant has met its burden on the present motion of establishing that plaintiff's EEOC charge was not filed within 180 days of the alleged discriminatory act.

<u>Equitable Tolling Not Warranted</u>

The 180-day period for filing an EEOC charge is subject to equitable tolling.  <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982);  <u>Chappell v. Emco Machine Works Co.</u>, 601 F.2d 1295 (5th Cir. 1979).  Plaintiff bears the burden of establishing that equitable tolling is appropriate.  <u>Ross v. Buckeye Cellulose Corp.</u>, 980 F.2d 648 (11th Cir. 1993). "The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly." <u>Justice v. U.S.</u>, 6 F.3d 1474, 1479 (11th Cir. 1993)(citing <u>Irwin v. Veterans Administration</u>, 498 U.S. 89, 96 (1993)).  "[A] generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations.  'Principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect.'" <u>Justice</u>, 6 F.3d at 1479-80 (quoting <u>Irwin</u>, 498 U.S. at 96)).

Equitable tolling may operate to delay the start of the 180-day charge filing period. <u>See</u> <u>Cocke</u>, 817 F.2d at 1561 ("Equitable modification suspends a limitations period 'until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.")(quoting <u>Reeb v. Economic</u>

Opportunity Atlanta, Inc., 516 F.2d 924, 930 (5th Cir. 1975)).  As discussed above, plaintiff here alleges that, when she called her employer about returning to work, Claude Woodall – supervisor at defendant's "Downtown Montgomery Area" location where plaintiff had worked – told plaintiff that "there was nothing available for [her,]" advised her to call back "and see if something comes open," and said that "he would keep [her] in mind when something is open."  (Doc. # 1, ¶¶ 2, 7, 9).[6]  In her supplemental response to the motion to dismiss (Doc. # 15) – construed by the court as a second amendment to the complaint – plaintiff asserts that she "made several attempts to retrieve [her] job, but unfortunately [she] kept getting the run around.  She further states, "During the time it dawned on me that I was out of a job, I knew something was out of order but wasn't sure what happened."  (Doc. # 15, p. 1).

In Cocke, *supra*, the Eleventh Circuit held that "while the employer is actively trying to find a position within the company for the employee, the 180-day filing period [of the ADEA] is equitably tolled until such time as it is or should be apparent to an employee with a reasonably prudent regard for his rights that the employer has ceased to actively pursue such a position."  Id. at 1567.  Cocke had received a termination letter on August 20, 1984 notifying him that he would be terminated effective March 29, 1985, "due to job elimination" but, also, stating that the employer would "pursue to the best of [its] ability" a position in one

---

[6] Given plaintiff's allegation that Woodall is the person who discriminated against her – and the absence of any other person identified by name in the complaint – it is reasonable to infer that Woodall is the "he" referenced in paragraph 9 of plaintiff's complaint.

of three specified areas.  Id. at 1560.  The Eleventh Circuit observed that "[i]t is too much for the law to expect an employee to sue his employer for age discrimination at the same time he is led to believe the employer is trying to place him in another job."  Id. at 1561-62. Despite its broad language, Cocke does not mandate equitable tolling in the present case. Cocke remained employed for several months after he received the termination letter stating that his employer would continue to pursue other positions for him.  In the present case, in contrast, plaintiff was already without a job when Woodall held out the possibility that "something" would come open and that he would keep plaintiff in mind.  The facts alleged by plaintiff – accepted as true – do not permit a conclusion that an employee with a reasonably prudent regard for her rights might not have understood in these circumstances that her employment had terminated at that time.  "[T]he time for filing an EEOC charge begins to run when the employee receives unequivocal notice of the adverse employment decision."  Grayson v. K Mart Corp., 79 F.3d 1086, 1100 n. 19 (11th Cir. 1996).  Since plaintiff reasonably should have known upon her conversation with Woodall in March 2011 that her employment had been terminated, Woodall's suggestion that plaintiff call back to see whether something had come open, his statement that he would keep her in mind, and the defendant's failure to re-hire plaintiff thereafter do not warrant equitable suspension of the charge filing period.  Thus, plaintiff has failed to meet her burden of alleging facts sufficient to establish that the 180-day period should be equitably tolled to commence at any time later than March 23, 2011.

9

Equitable tolling may also operate to suspend the running of the limitations period after it has begun. See Goldsmith v. City of Atmore, 996 F.2d 1155 (11th Cir. 1993)(90-day limitations period of Title VII equitably tolled by plaintiff's filing of defective pleading in district court within the limitations period, coupled with district court's order directing plaintiff to file a formal complaint, setting a deadline four days after expiration of the limitations period). In her supplemental response/second amendment to the complaint, plaintiff describes her circumstances after her termination, including caring for her newborn baby, enduring stress related to loss of her job, having terrible headaches daily, and going "into a depression mode[.]" (Doc. # 15, p. 1).  She alleges:

> The only thing that was on my mind was getting financial help and finding a job ASAP.  It did cross my mind to get an understanding about how the law is outlined about FMLA.  Before I it [sic], months passed and nothing changed concerning my security guard position. . . .
>
> I went from asking nicely for help to begging with tears in my eyes because I didn't want me and my son being without electricity, gas, and even knowing what it felt like to be homeless.  Plus, I didn't want DHR trying to take my child from me, due to me being jobless for so long.  No, it didn't feel good to beg for help with getting my electric bill paid or even putting gas into my car but I had to do it to survive.  I was disappointed that I didn't have any income to afford an attorney and ashamed because Welfare and food stamps wasn't getting me far. I saw that I really had my back up against the wall. I then decided to release my worrying and accept that I had to be jobless/homeless. I had to start researching for myself about FMLA.

(Id., p. 2).  Plaintiff reports that she learned that the law protects against sex discrimination (including pregnancy discrimination), that her research led her to conclude that she "may have just enough time" to pursue a complaint with the EEOC, and that she "gave [her]

complaint a try." (Id.).  The attachment to plaintiff's supplemental response/second amendment is a letter from Kerry Powell, Case Manager at "Family Promise," stating that plaintiff and her son received shelter, means and other services from Family Promise from August 14 through September 11, 2011.  (Doc. # 15-1).

"[T]raditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007).  The extraordinary circumstances must be shown to be both beyond plaintiff's control and unavoidable even with diligence. Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006)(citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Courts "need not consider whether extraordinary circumstances exist" if the plaintiff's delay in filing "exhibits a lack of due diligence." Outler v. U.S., 485 F.3d 1273, 1280 (11th Cir. 2007).

It is undeniable that plaintiff's circumstances after her termination were quite difficult. However, under existing case law the court cannot conclude – accepting the allegations of plaintiff's amended complaint as true and viewing them in the light most favorable to the plaintiff – that she acted with diligence to pursue her Title VII claim before the EEOC. Further, plaintiff's allegations do not demonstrate the existence of "extraordinary circumstances" that prevented her from meeting the charge-filing deadline.  See Hunter v. Ferrell, 587 F.3d 1304 (11thCir. 2009)(unless causally connected to the failure to timely file, mental impairment is not a sufficient reason to toll the statute of limitations); Jackson, 506

11

F.3d at 1355-56 ("good cause" does not satisfy the "more demanding" equitable tolling standard); Quina, 575 F.2d at 1118 (ignorance of legal rights and failure to seek legal advice insufficient to warrant tolling); Apionishev v. Columbia University, 2011 WL 1197637, *6 (S.D.N.Y. Mar. 25, 2011)(unpublished opinion)("Homelessness and depression or illness alone are not sufficient to justify equitable tolling, and Apionishev does not explain how these factors precluded the timely filing of his claims.")(footnote omitted).  Accordingly, plaintiff has failed to meet her burden of establishing that equitable tolling is warranted in this case.

### Title VII Claim Against Woodall

Plaintiff did not include Woodall's name in the style of her complaint.  However, in paragraph two of the complaint, she identifies the defendant as "Dynamic Security 'Claude Woodall'; Montgomery Area" and the "principal office(s)of the named defendant(s)" as both Dynamic Security's main office in Birmingham and Woodall's office in Montgomery. Plaintiff appears *in forma pauperis* in this action.  (Doc. # 4).  The court did not serve Woodall with the summons and complaint initially, as it is clear that plaintiff may not maintain her Title VII claim against him.  Title VII does not provide a cause of action against individuals.  "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); see also Dearth v. Collins, 441 F.3d 931 (11th Cir. 2006)("[R]elief under Title VII is available against only the employer and not against

individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company.")(emphasis in original)(citation omitted).  Accordingly, plaintiff's Title VII claim against Woodall is due to be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[7, 8]

## CONCLUSION

Accepted as true, the allegations of plaintiff's complaint, as amended: (1) demonstrate that plaintiff failed to file her EEOC charge alleging sex discrimination within 180 days of the alleged discriminatory act; and (2) present no basis for equitable tolling of the charge filing period.  Thus, plaintiff's Title VII claims are due to be dismissed for plaintiff's failure to exhaust administrative remedies by filing a timely charge with the EEOC.  Additionally, plaintiff may not maintain her Title VII claim against Woodall, as he was not her "employer" within the meaning of Title VII. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) the motion to dismiss filed by defendant Dynamic Security (Doc. # 7) be GRANTED as to plaintiff's Title VII claim and that plaintiff's Title VII claim be

---

[7] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

[8] In the private employment context, the FMLA's definition of "employer" includes individual employees in some circumstances.  Accordingly, plaintiff's FMLA claim against Woodall cannot be dismissed at this juncture pursuant to 28 U.S.C. § 1915, and the court will proceed to effect service on Woodall.

13

DISMISSED with prejudice;

(2) that plaintiff's Title VII claim against Woodall be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B);

(3) that Dynamic Security, Inc. be substituted for the defendant identified incorrectly as Dynamic Security;[9] and

(4) that plaintiff's FMLA claims against the defendants be referred back to the undersigned Magistrate Judge for further proceedings.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before August 9, 2012.  Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  See  United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144,

---

[9]  See Doc. # 7 at p. 1.

1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

     DONE, this 26th day of July, 2012.

                    /s/ Susan Russ Walker
                    SUSAN RUSS WALKER
                    CHIEF UNITED STATES MAGISTRATE JUDGE